IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-HC-2198-D

ROGER T. ELEY, )
)
Petitioner, )
)
v. ) **ORDER**
)
TRACY W. JOHNS, )
)
Respondent. )

On September 7, 2010, Roger T. Eley ("Eley" or "petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E. 1]. Eley seeks leave to proceed in forma pauperis [D.E. 3]. On December 2, 2010, Eley filed a motion for immediate release [D.E. 4]. The matter is before the court for a preliminary review under 28 U.S.C. § 2243. For the reasons explained below, the court dismisses the petition.

On May 21, 1990, a jury in the United States District Court for the Northern District of Georgia convicted Eley of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. Pet. ¶¶ 2–3; Mem. Supp. Pet. 1. On June 28, 1990, the court sentenced Eley to 420 months' imprisonment. See Pet. ¶ 4; Mem. Supp. Pet. 2. Eley appealed his conviction and sentence, and on March 10, 1992, the United States Court of Appeals for the Eleventh Circuit affirmed. See Pet. ¶¶ 7–8; United States v. Eley, 958 F.2d 1083, 1083 (11th Cir. 1992) (per curiam) (unpublished table decision); United States v. Eley, No. 1:89-cr-373-RLV-WLH-5 [D.E. 10] (N.D. Ga. May 26, 1992).[1] On

---

[1] Eley has provided the court with a copy of his amended criminal judgment and sentencing hearing transcript, and the court takes judicial notice of the entire docket in United States v. Eley, 1:89-cr-373-RLV-WLH-5 (N.D. Ga.).

February 22, 1993, the United States Supreme Court denied Eley's petition for a writ of certiorari. DeFoor v. United States, 507 U.S. 916 (1993); Eley, No. 1:89-cr-373-RLV-WLH-5 [D.E. 16].

On April 22, 1997, Eley (through counsel) filed a motion to vacate his sentence under 28 U.S.C. § 2255. Eley, No. 1:89-cr-373-RLV-WLH-5, [D.E. 39]. On September 26, 1997, the court denied Eley's motion. Id., [D.E. 48]. Eley appealed, and the Eleventh Circuit affirmed. Id., [D.E. 52]. Between July 18, 2000, and December 9, 2005, Eley filed three unsuccessful applications in the Eleventh Circuit for leave to file successive section 2255 motions. Mem. Supp. Pet. 2; see Eley, No. 1:89-cr-373-RLV-WLH-5, [D.E. 107] at 1 n.1 (N.D. Ga. Apr. 7, 2008) (unpublished) (order noting "the Eleventh Circuit on two later occasions denied [Eley's] request to file section 2255 motions").

On January 16, 2007, the sentencing court dismissed (upon motion of the government) the indictment as to one of Eley's co-defendants, upon a remand from the Eleventh Circuit "to determine whether the conviction of [the co-defendant] can be sustained without certain evidence derived from court-authorized electronic surveillance." Mem. Supp. Pet., Ex. 3. On January 22, 2008, Eley filed another section 2255 motion, citing the dismissal of the indictment against his co-defendant as a ground for relief. See Eley, No. 1:89-cr-373-RLV-WLH-5, [D.E. 100] at 3. The sentencing court denied the motion on April 7, 2008. Id., [D.E. 107]. Eley appealed, and on July 9, 2009, the Eleventh Circuit dismissed his appeal. Id., [D.E. 126].

Although Eley filed this action under 28 U.S.C. § 2241, he is attacking the legality, rather than the execution, of his conviction and sentence. See Mem. Supp. Pet. 5–12. Specifically, he challenges the legality of his conviction based on the evidence obtained from the electronic surveillance. See id. at 5–7. Eley must challenge the legality of his conviction and sentence under 28 U.S.C. § 2255 unless "the remedy by motion [under section 2255] is inadequate or ineffective to

2

test the legality of his detention." See 28 U.S.C. § 2255(e); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). Section 2255 is inadequate or ineffective to test the legality of a conviction when three conditions are met:

> (1) at the time of conviction, settled law . . . established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). Section 2255 is not rendered inadequate or ineffective merely because a petitioner is procedurally barred from filing a section 2255 motion. Id. at 333; In re Vial, 115 F.3d at 1194 n.5. Eley has not demonstrated that section 2255 is inadequate or ineffective.

This court cannot convert this section 2241 petition into a section 2255 motion because Eley previously filed several such motions. The Northern District of Georgia dismissed Eley's initial section 2255 motion on the merits, and dismissed Eley's later motions as successive. See Eley, No. 1:89-cr-373-RLV-WLH-5, [D.E. 48, 107]. A person cannot bring a second or successive section 2255 motion unless the appropriate court of appeals first certifies that the new petition contains either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); United States v. Winestock, 340 F.3d 200, 204–05 (4th Cir. 2003). Eley must seek certification from the Eleventh Circuit to file another section 2255 motion. See 28 U.S.C. § 2255(h). He has not done so. Accordingly, Eley's petition does not fall within the savings clause of section 2255.[2]

---

[2] If Eley had brought this petition under 28 U.S.C. § 2255, this court would not have jurisdiction to hear Eley's claim because he was sentenced in the Northern District of Georgia. A prisoner wishing to challenge his conviction under section 2255 must file his motion in the court of conviction. See 28 U.S.C. § 2255(a).

3

After reviewing the claims presented in the petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of Eley's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. See 28 U.S.C. §2253(c). Accordingly, the court denies a certificate of appealability.

In sum, the court DISMISSES without prejudice Eley's petition for a writ of habeas corpus under 28 U.S.C. § 2241 for lack of jurisdiction and failure to state a claim. The court DENIES AS MOOT petitioner's motions to proceed in forma pauperis [D.E. 3] and for immediate release [D.E. 4]. The court DENIES a certificate of appealability and DIRECTS the Clerk of Court to close the case.

SO ORDERED. This 14 day of June 2011.

JAMES C. DEVER III
United States District Judge